ORIGINAL

FILED

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name _____ MURO, _____ LELAND _____ S. _____

          (Last)                (First)           (Initial)

Prisoner Number   K-89297 _____

Institutional Address   California State Prison - Solano

                    P.O. Box 4000 - Vacaville, CA 95696

===================================================================

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

**CV 08    1053    MHP**

LELAND S. MURO _____
**Full Name of Petitioner**

                    Case No. _____
                    **(To be provided by the clerk of court)**

       vs.

D. K. SISTO _____
      **Name of Respondent**
**(Warden or jailer)**

                    **PETITION FOR A WRIT OF HABEAS CORPUS**

===================================================================

### Read Comments Carefully Before Filling In

**When and Where to File**

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

1

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.  What sentence are you challenging in this petition?

(a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Humboldt County Superior Court          Humboldt
_____
            Court                          Location

(b)  Case number, if known  #CR97066BS

(c)  Date and terms of sentence  3-17-98 - 18 Years

(d)  Are you now in custody serving this term?  (Custody means being in jail, on parole or probation, etc.)  Yes __XX__  No ____

Where?  CSP-Solano - P.O. Box 4000, Vacaville, CA 95696
          (Name of Institution)                 (Address)

2.  For what crime were you given this sentence?  (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known.  If you are challenging more than one sentence, you should file a different petition for each sentence.)

Penal Code sections 245(d)(1), 245(a)(2), 12021(a)(1) & 12022.5

3.  Did you have any of the following?

Arraignment:  Yes __XX__  No ____    Preliminary Hearing: Yes __XX__  No __

Motion to Suppress:  Yes ____  No __XX__

4.   How did you plead?

Guilty _____    Not Guilty _XX_    Nolo Contendere _____

Any other plea (specify) _____

5.   If you went to trial, what kind of trial did you have?

Jury _XX_    Judge alone _____    Judge alone on a transcript _____

6.   Did you testify at your trial?   Yes _____   No _XX_

7.   Did you have an attorney at the following proceedings:

(a)  Arraignment    Yes _XX_   No _____
(b)  Preliminary hearing        Yes _XX_   No _____
(c)  Time of plea    Yes _XX_   No _____
(d)  Trial    Yes _XX_   No _____
(e)  Sentencing    Yes _XX_   No _____
(f)  Appeal    Yes _XX_   No _____
(g)  Other post-conviction proceeding    Yes _____   No _XX_

8.   Did you appeal your conviction?    Yes _XX_    No _____

(a)  If you did, to what court(s) did you appeal?

| | | | |
|---|---|---|---|
| Court of Appeal | Yes _XX_ No _____ | Unkown - Judgment Affirmed | |
| | | (Year) | (Result) |
| Supreme Court of California | Yes _XX_ No _____ | 7-14-99 - Review Denied | |
| | | (Year) | (Result) |
| Any other court | Yes _____ No _XX_ | | |
| | | (Year) | (Result) |

(b)  If you appealed, were the grounds the same as those that you are raising in this petition?  Yes _____    No _XX_

(c)  Was there an opinion?   Yes _XX_   No _____

(d)  Did you seek permission to file a late appeal under Rule 31(a)?  Yes _____  No _XX_

If you did, give the name of the court and the result:

_____

9.   Other than appeals, have you previously filed any petitions applications or motions with respect to this conviction in any court, state or federal?  Yes _XX_  No _____

3

Note:  If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition.  You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28 U.S.C. § 2244(b).

(a)  If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding.  Attach extra paper if you need more space.

I.    Name of Court  Humboldt County Superior Court

Type of Proceeding  Habeas Corpus Proceeding

Grounds raised (Be brief but specific):

a.    Please see attached petition, pp 1-13.

b.

c.

d.

Result  Denied  (Exhibit-D)    Date of Result  06-25-07

II.   Name of Court  First Appellate District Court of Appeal

Type of Proceeding  Same as above

Grounds raised (Be brief but specific):

a.    Please see attached, pp. 1-13.

b.

c.

d.

Result  Denied  (Exhibit-E)    Date of Result  07-13-07

III.  Name of Court  California Supreme Court

Type of Proceeding  Same as above

Grounds raised (Be brief but specific):

a.    Please see attached, pp. 1-13.

b. _____

c. _____

d. _____

Result __Review Denied (Exhibit-F)__  Date of Result __01-23-08__
        (b)  Is any petition, appeal or other post-conviction
proceeding now pending in any court?   Yes _____  No _____

_____
                (Name and location of court)

B.  GROUNDS FOR RELIEF

    State briefly every reason that you believe you are being
confined unlawfully.  Give facts to support each claim.  For example,
what legal right or privilege were you denied?  What happened?  Who
made the error?  Avoid legal arguments with numerous case citations.
Attach extra paper if you need more space.  Answer the same questions
for each claim.

    Note:  You must present ALL your claims in your first federal
habeas petition.  Subsequent petitions may be dismissed without review
on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467,
111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

    Claim One: __Grounds for relief are all incorporated in the__
attached petition, pp. 1-13.

    Supporting Facts: __All supporting facts are all incorporated__
in the attached petition, pp. 1-13.

_____

_____

    Claim Two: _____

_____

    Supporting Facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any othe court, state briefly which grounds were not presented and why:

All grounds were all properly raised and exhausted in the state

courts.

_____

_____

_____

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning of these cases:

Cunningham v. California, 549 U.S._____ (2007)

Blakely v. Washington, 542 U.S._____ (2004)

Apprendi v. New Jersey, 530 U.S.____ (2000)

Do you have an attorney for this petition?    Yes ____   No  XX
If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on  _2-17-08_____          _____
                    Date                        Signature of Petitioner

(rev. 5/96)

6

1  LELAND MURO
   K-89297
2  CSP-Solano
   P.O. Box 4000
3  Vacaville, CA 95696

4  Petitioner in Propria Persona

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  LELAND S. MURO,              )     No._____
                                )
10              Petitioner,     )     PETITION FOR WRIT OF HABEAS
                                )     CORPUS; MEMORANDUM OF POINTS
11 v.                           )     AND AUTHORITIES; VERIFICATION
                                )     AND DECLARATION IN SUPPORT
12 D. K. SISTO, Warden,         )
                                )
13              respondent.     )
   _____)

14

15

16      Petitioner LELAND S. MURO, proceeding pro se, hereby

17 petitions this Court for a writ of habeas corpus and set forth

18 the following facts and causes for the issuance of said writ. By

19 this verified petition alleges as follows:

20 I. INTRODUCTION

21      This is a petition for writ of habeas corpus to set aside

22 the sentence imposed in People v. Muro. Humboldt Superior Court

23 case number CR970668BS.  The sentence should be set aside

24 because the trial court committed prejudicial error and violated

25 Petitioner's sixth and fourteenth amendment constitutional

26 rights when it enhanced Petitioner's sentence to an upper term

27 based on facts not proven to the jury beyond a reasonable doubt.

28      This petition is filed pursuant ro a "new ruling" of

                                1

1  constitutional law recently cited by the United States Supreme

2  Court in <u>Cunningham</u> v. <u>California</u>, 549 U.S._____ (2007).

3

4  II. <u>BASIS OF PETITIONER'S INCARCERATION</u>

5      Petitioner is the defendant in criminal action in <u>People of</u>

6  <u>The State of California</u> v. <u>Muro</u>, Humboldt Superior Court case

7  number CR970668BS.  He is unlawfully restrained at Solano State

8  Prison, Vacaville, California, pursuant to the judgment of the

9  in the above referenced cas.

10  III. <u>STATEMENT OF THE CASE</u>

11      Petitioner was convicted by a jury of assault with a firearm

12  (inter alia), in violation of Penal Code section 245(d)(1).  The

13  Jury also found that petitioner used a firearm in the commission

14  of a felony, a violation of Penal Code § 12022.5(a). (Exhibit-A.)

15      On March 17, 1998, the trial court sentenced petitioner to

16  an upper term of 8 years for assault with a firearm (Penal Code

17  sec. 245(d)(1)), a consecutive term of 10 years for used of a

18  firearm enhancement[1] (Penal Code section 12022.5(a)), for an

19  aggregate term of 18 years. (Exhibit-A.)

20      Petitioner timely appealed to the California Court of Appeal

21  First Appellate District, and the Court of Appeal affirmed the

22  conviction and sentence.  Petitioner timely petitioned California

23  Supreme Court for review, and review was denied on July 14 1999.

24

25  _____

26      1. This Court should be noted that the used of a firearm was
    illegally imposed because Penal Code section 12022.5(a) is an
27  element of Penal Code section 245(d)(1).

28  //

1  IV.  POINTS AND AUTHORITIES

2

3          THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND
           VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT
           CONSTITUTIONAL RIGHTS WHEN IT ENHANCED PETITIONER'S
4          SENTENCE BASED ON FACTS NOT PROVEN TO THE JURY BEYOND
           REASONABLE DOUBT AS INTERPRETED BY THE UNITED STATES
5          SUPREME COURT IN CUNNINGHAM v. CALIFORNIA (2007) 594
           U.S._____.

6

7      a.  The Sentencing Decision

8          Petitioner was found guilty by a jury of count 2, assault with

9  a firearm on a peace officer.  At sentencing, the trial court

10  adopted the probation officer's recommendation and imposed an upper

11  term of 8 years on count 2, because the defendant has engaged in

12  previous violent conduct (California Rules of Court, rule 421(b)

13  (1)), and the defendant's previous adjudication as a juvenile and

14  convictions as an adult are numerous (California Rules of Court,

15  rule 421(b)(2)), and the defendant's performance on juvenile

16  probation is unsatisfactory (California Rules of Court, rule 4.21

17  (b)(5)).  (See Exhibit-"B," p. 14.)  The trial court also imposed

18  the upper term of 10 years for the gun enhancement.

19          There are choices available to the trial court, and the

20  choices available on count 2, the assault with a firearm on a peace

21  officer, were four (4) years, six (6) years, and eight (8) years;

22  and for the gun enhancement were three (3) years, four (4) years,

23  and ten (10) years.

24  //

25  //

26  //

27  //

28  //

                                    3

1    Had the trial court chosen the middle range instead of the

2    aggravated range, Petitioner's sentence would be as follows:

3    Count 2 - 6 years on the assault with a firearm on a peace

4    officer, 4 years for the gun enhanccement for a total of 10 years.

5    Hence, the total sentence Petitioner's would have received was 10

6    years instead of 18 years.

7    **b.** Petitioner Was Deprived Of His Constitutional Right To
          Have A Jury Determine The Truth Of Aggravating Factors
8          Beyond A Reasonable Doubt.

9    The Fifth Amendment to the United States Constitution provides

10   that no person shall "be deprived of life, liberty, or property

11   without due process of law...." (U.S. Const., 5th Amendment.)

12   Similarly, the Fourteenth Amendment prohibits any states from

13   depriving a person of liberty without "due process of law." (U.S.

14   Const., 14th Amendment.)  In addition, the Sixth Amendment provides

15   that "[i]n all criminal prosecutions, the accused shall enjoy the

16   right to a speedy and public trial, by an impartial jury." (U.S.

17   Const., 6th Amendment.)  Taken together, these amendments "require

18   criminal convictions to rest upon a jury determination that the

19   defendant is guilty of every element of the crime with which he is

20   charged, beyond a reasonable doubt." (United States v. Gaudin

21   (1995) 515 U.S. 506, 509-510; Mullaney v. Wilbur (1975) 421 U.S.

22   684, 698; In re Winship (1970) 397 U.S. 358, 363-364.)

23   Where proof of a particular fact exposes the defendant to

24   greater punishment than that available in the absence of such

25   proof, that fact is an element of the crime which the Fifth and

26   Sixth Amendments require to be proven beyond a reasonable doubt.

27   (Apprendi v. New Jersey (2000) 530 U.S. 466, 490; Mullaney v.

     Wilbur, supra, 421 U.S. at p. 698; Specht v. Patterson (1967) 386

28

4

1  U.S. 605, 607; People v. Hernandez (1988) 46 Cal.3d 194, 205.)

2  Indeed, "[o]ther than the fact of a prior conviction, any fact that

3  increases the penalty for a crime beyond the prescribed statutory

4  maximum must be submitted to a jury, and proved beyond a reasonable

5  doubt." (Apprendi v. New Jersey, supra, 530 U.S. at p. 490.)

6      In Apprendi v. New Jersey (2000) 530 U.S. 466, the defendant

7  had been convicted of a possession of a firearm for an unlawful

8  purpose, a "second degree" offense punishable by imprisonment for

9  between five and ten years.  However, pursuant to New Jersey's hate

10  crime statute, the trial court at sentencing found by a

11  preponderance of the evidence that defendant had committed the

12  crime with a purpose to intimidate individuals because of race.

13  Under the hate crime statute, this finding increased defendant's

14  sentence to imprisonment for between ten and twenty years.  The

15  United States Supreme Court held that although the New Jersey high

16  court characterized the hate crime enhancement as a "sentencing

17  factor," it was actually an element of the offense which should

18  have been decided by the jury. (Id. at p. 492.)  The increase in

19  the prescribed statutory maximum penalty to which defendant was

20  exposed violated his Fifth and Sixth Amendment rights because the

21  factual determination which served to elevate his statutory

22  exposure had not been submitted to a jury and proved beyond a

23  reasonsble doubt. (Id. at pp. 490-492.)  The Apprendi court

24  concluded that all facts (other than the fact of a prior conviction)

25  which increase the penalty beyond the prescribed statutory maximum

26  must be found by a jury to exist beyond a reasonable doubt:

27          "[I]t is unconstitutional for a legislature to remove
            from the jury the assessment of facts that increase
28          the prescribed range of penalties to which a criminal

5

1          defendant is exposed.  It is equally clear that such
           facts must be established by proof beyond a reasona-
2          ble doubt."

3
       Two years later, in Ring v. Arizona (2002) 536 U.S. 584, the
4
United States Supreme Court applied the holding of Apprendi to
5
Arizona's death penalty law.  Under Arizona law, the maximum
6
punishment for first-degree murder was ilfe imprisonment unless
7
the trial court found beyond a reasonable doubt that one of ten
8
statutorily enumerated aggravating factors existed.  The Ring court
9
held that defendant's death sentence under this law violated his
10
right to a jury determination of guilt on every element of the
11
existence of an aggravating factor necessary for the imposition
12
of the death penalty must be found by a jury rather than a
13
sentencing judge. (Id. at p. 609.)

14
       Two years later, after the Ring v. Arizona, supra, the United
15
States Suprem Court decided Blakely v. Washington (2004) 542 U.S.
16
____ , [124 S.Ct. 2531, 159 L.Ed.2d 403].  In Blakely, defendant
17
pleaded guilty to kidnapping his estranged wife while using a
18
firearm.  Under Washington law, the facts defendant admitted
19
supported a prison sentence in the "stadard range" of 49 to 53
20
months.  However, Washington law also permitted the trial court to
21
impose a sentence above the standard range if it found the
22
existence of aggravating factor demonstrating "substantial and
23
compelling reasons justifying an exceptional sentence." (Id., 124
24
S.Ct. at p. 2535.)  Pursuant to this latter provision, the trial
25
judge impose an exceptional sentence of 90 months based on a
26
finding that defendant had acted with "deliberate cruelty" in
27
committing the kidnapping offense. (Id., at pp 2535-2536.)
28
//

1     Once again applying Apprendi, the Supreme Court reversed
2  defendant's sentence.   The Court first noted:

> [T]he "statutory maximum" for Apprendi purposes is
> the maximum sentence a judge may impose solely on
> the basis of the facts in the jury verdict or admi-
> tted by the defendant.   In other words, the relevant
> "statutory maximum" is not the maximum sentence a
> judge may impose after finding additional facts, but
> the maximum he may impose without any additional facts.

8     Applying this reasoning, the Blakely court found the statutory
9  maximum sentence based solely on the facts defendant admitted in
10  his guilty plea was the standard range of 49 to 53 months; the
11  trial judge was prohibited from imposing the exceptional 90-month
12  sentence on those facts alone. (Id. at pp. 2537-38.)   Consequently,
13  the judge's imposition of an additional three years beyond the
14  statutory maximum was baesd on a factual finding to which defendant
15  never confessed and which no jury had ever found true beyond a
16  reasonable doubt. (Ibid.)   The imposition of the ninety month
17  exceptional sentence therefore violated defendant's Sixth Amendment
18  right to trial by jury. (Id. at p. 2538.)

19     Most recently, in Cunningham v. California (2007) 549 U.S.    ,
20  the United States Supreme Court re-affirmed the rule of Blakely and
21  Apprendi, that "[o]ther than the fact of a prior conviction, any
22  fact that increases the penalty for a crime beyond the prescribed
23  statutory maximum must be submitted to a jury, and proved beyond
24  a reasonable doubt."   In Cunningham, the defendant was convicted
25  of continuous sexual abuse of a child under 14.   Under the
26  California determinate sentencing law (DSL), that offense is
27  punishable by one of three precise terms of imprisonment: a lower
28  term sentence of 6 years, a middle term of sentence 12 years, or

7

1  an upper term sentence of 16 years.  The Determinate Sentencing Law

2  obliged the trial judge to sentence Cunningham to 12—year middle

3  term unless the judge found one or more additional "circumstances

4  in aggravation."  Court Rules adopted to implement the DSL define

5  "circumstances in aggravation" as facts that justify the upper term.

6  Those facts, the Rules provide, must be established by a

7  preponderance  of the evidence.  Based on a post-trial sentencing

8  hearing, the judge found by a preponderance of the evidence six

9  aggravating facts, including the particular vulnerability of the

10 victim, and one mitigating fact, that Cunningham had no record of

11 prior criminal conduct.  Concluding that the aggravating factors

12 outweighed the sole mitigating factor, the judge sentenced .

13 Cunningham to upper term of 16 years.  The California Court of

14 Appeal and the State Supreme Court affirmed the judgment pursuant

15 to People v. Black , 35 Cal.4th 1230, holding that the DSL survived

16 Sixth Amendment inspection. ·

17       The United states Supreme Court reversed and held, that the

18 DSL, by placing sentence—elevating fact finding within the judge's

19 province, violates a defendant's right to trial by jury safeguarded

20 by the Sixth and Fourteenth Amendments.  "This Court has repeatedly

21 held that, under the Sixth Amendment, any fact that exposes a

22 defendant to a greater potential sentence must be found by a jury,

23 not a judge, and established beyond a reasonable doubt, not merely

24 by a preponderance of the evidence.  While this rule is rooted in

25 longstanding common-law practice, its explicit statement in ou

26 decisions is recent."

27       Here, because the existence of aggravating factors was not

28 admitted by petitioner or found true by a jury, the trial court

1  violated the federal Constitution, as interpreted by Cunningham,

2  when it found the existence of an aggravating factor for the

3  purpose of imposing the upper term, i.e., that petitioner engaged

4  in violent conduct which indicated he was a serious danger to

5  society.  Consequently, the trial court's imposition of the upper

6  term based on the aggravating factor it found to exist violated

7  petitioner's Sixth Amendment right to a jury trial on the truth of

8  that aggravating factor and his Fifth Amendment rights to due

9  process requiring that it be found true beyond a reasonable doubt.

10
11       c. Petitioner Is Not Precluded From Contesting The
            Constitutional Violations Relating To His Sentencing.

12       Defense counsel did not alleged a constitutional violation of

13  petitioner's right to a jury trial or due process in the trial

14  court's imposition of the upper term and consecutive sentences.

15  In Light of theis fact, respondent may attempt to avoid the merits

16  of the issue petitioner has raised by claiming that any

17  constitutional violation was waived due to defense conusel's

18  failure to object on the grounds raised herein.  However, any such

19  claim of waiver would lack of merit.

20       First, the trial court has jurisdiction to correct an

21  erroneous sntence in several circumstances, if the sentence is

22  unauthorized by law, (In re Sandel (1996) 64 Cal.2d 412, 50 Cal.

23  Rptr. 462; People v. Shabazz (1985) 175 Cal.App.3d 468, 474-474,

24  221 Cal.Rptr. 15; People v. Nick (1985) 164 Cal.App.3d 141, 145,

25  210 Cal.Rptr. 137) if the record clearly establishes that the

26  sentence imposed was contrary to the sentencing court's intention;

27  (People v. Schultz, supra, 238 Cal.App.2d at 808); or if the

28  abstract of judgment does not accurately reflect the pronounced

9

1  sentenced (People v. Flores, supra, 177 Cal.App.2d at p. 613).

2      It is clear that unauthorized or illegal sentence errors are

3  not subject to waiver and are correctable whenever they are

4  discovered (People v. Serrato (1973) 9 Cal.3d 753, 763). As the

5  Appellate Court repeatedly held, sentencing errors which go to the

6  jurisdiction of the court can be raised at any time even though no

7  objection were interposed in the trial court. A sentence which is

8  not authorized by law exceeds the jurisdiction of the court and

9  therefore reviewable despite the absence of an objection. (People

10  v. Neal (1993) 19 Cal.App.4th 1114, 1120.)

11      Second, the California Supreme Court has repeatedly held that

12  "[a] defendant is not precluded from raising for the time on appeal

13  a claim asserting the deprivation of certain, fundamental,

14  constitutional rights." (People v. Vera (1997) 15 Cal.4th 296, 276,

15  277.) Such fundamental constitutional rights include the right to

16  trial by jury. (See, e.g., People v. Saunders (1993) 5 Cal.4th 580,

17  fn.5; People v. Holmes (1960) 54 Cal.2d 442, 443-444.) Because

18  petitioner is claiming that he was denied his fundamental

19  constitutional right to a jury trial and due process right to proof

20  beyond a reasonable doubt, this issue is not waived.

21      Finally, it is well-established that where an objection would

22  have been futile, an attorney is not required to make it. (People

23  v. Chavez (1980) 26 Cal.3d 334, 350, fn.5.) Because sentencing in

24  this case occurred prior to the United States Supreme Court's

25  decision in Cunningham, it would have been futile for defense

26  counsel to have demanded a jury trial or application of the proof

27  beyond a reasonable standard on the existence of aggravating

28  factors; as explained above, California's statutory and case law

1  explicitly prescribed judicial fact-finding on aggravating

2  factors under a preponderance of the evidence standard. (See, e.

3  g., People v. Jackson, 196 Cal.App.3d at pp. 390-391; People v.

4  Levitt, supra, 156 Cal.App.3d at p. 515; § 1170, subd. (d); Cal.

5  Rules of Court, rule 4.420(a)&(b), and rule 4.421.)  Similarly,

6  the California Supreme Court has permitted the review of claims

7  not raised during trial where have been significant supervening

8  changes in the law. See, e.g., People v.Turner, 50 Cal.3d 668,

9  703 (allowing claims for first time on appeal where "pertinent

10  law later changed so unforeseeably that it is unresonable to

11  expect trial counsel to have anticipated the change.")  Thus,

12  given the significant change Cunningham has made into law, habeas

13  corpus is the proper remedy to review the instant claim at the

14  bar.

15       d. Cunningham, Blakely, Apprendi, Applies To This Habeas

16         Corpus Petitioner.

17  While it is true that Teague v. Lane, 49 U.S. 288 (1989)

18  appears at first blush to bar the retroactivity of Cunningham,

19  a closer look at the cases demonstrates retroactive application

20  of Cunningham to Petitioner's case.  In Ring v. Arizona, 536 U.S.

21  584 (2002), the Supreme Court extended the right of a jury trial

22  to capital penalty findings.  However, recently, in Schiro v.

23  Summerlin, 124 S.C. 2519 (2004), the Court, pursuant to Teague,

24  found the Ring rule did not retroactive.  The Court specifically

25  found that Teague's exception for "watershed rules of criminal

26  procedure implicating the fundamental fairness  and accuracy of

27  criminal proceedings" did not apply, and therefore did not

28  retroactively apply Ring in Summerlin.  Again, while at first

1   blush it would appear that in the life-or-death context of

2   capital trials, if Ring did not qualify as a "watershed rule" for

3   Teague purposes, then Cunningham does not either.  However, there

4   are significant differences:

5       (1) Justice O'Connor's dissent in Blakely raises the

6   specter that the decision may jeopardize thousands of already-

7   final case throughout the country: "All criminal sentences

8   imposed under the federal and state guidelines ... arguably

9   remain open to collateral attack." Blakely, supra, O'Connor, J.

10  dissenting opinion at p. 2542.  Blakely is a watershed rule, in

11  came out of the blue and surprised everyone, and it certainly

12  involves fundamental criminal procedure and fairness and

13  accuracy of those proceedings.

14      (2) The Ring majority noted that the question of whether

15  the beyond-a-reasonable-doubt requirement of Apprendi v. New

16  Jersey, 530 U.S. 466 (2000) would be retroactive on collateral

17  proceedings was not before it because Arizona required that

18  judges find aggravating circumstances beyond a reasonable doubt

19  in death cases.  Given that prior beyond-a-reasonable-doubt

20  rulings, sech as In re Winship, 397 U.S. 358 (1970) and Mullaney

21  v. Wilbur, 421 U.S. 684 (1975), were held retroactive because

22  they were essential to accurate fact-finding (see Ivan v. City

23  of New York, 407 U.S. 203 (1972) (Winship retroactive);

24  Hankerson v. North Carolina, 432 U.S. 233 (1977) (Mullaney

25  retroactive); and given 5-4 split in Summerlin the best argument

26  is that Blakely's beyond-a-reasonable-doubt requirement

27  constitutes a watershed rule which would be fully retroactive.

28      (3) In Ring, all justices appeared to have agreed that

1  the first requirement for a watershed rule, fundamental fairness,

2  was met-the battle was over, whether the jury requirement

3  increased accuracy.

4      Hence, Petitioner submits that <u>Blakely</u> and <u>Cunningham</u> <u>fits</u>

5  within <u>Teague's</u> exception for watershed rules of criminal

6  procedure that implicate fairness and accuracy in a criminal

7  proceeding and should be applied retroactively.

V. <u>CONCLUSION</u>

8

9      For all of the foregoing reasons, petitioner asserts that

10  he is being held in violation of the Constitution of the United

11  states.   WHEREFORE, petitioner LELAND S. MURO hereby asks this

12  Court to find that the relief he seeks through this petition is

13  warranted, and to order that the petition be granted, and that

14  the writ of habeas corpus issue forthwith, and that he be

15  granted all the relief to which he may be entitled in this

16  proceeding.

17

18

Dated: 2-17-08

19

20                                    Respectfully submitted,

21

22                                    LELAND S. MURO, K-89297

23                                    (In Propria Persona)

24

25

26

27

28

13

# EXHIBIT A

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

☒ SUPERIOR
☐ MUNICIPAL } COURT OF CALIFORNIA, COUNTY OF  Humboldt
☐ JUSTICE

COURT (I.D.)  1,2,0,0,0,

BRANCH OR JUDICIAL DISTRICT:  Eureka

```
FILED
DEC 1 0 1998
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT
```

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: Leland Shannon Muro
AKA: D.O.B.  4-17-73

☐ PRESENT   CR970668BS·A
☒ NOT PRESENT  92cR0157S·B
                91CR0362S·C

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT        AMENDED
                            ABSTRACT ☑

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 3-17-98 | 8 | Morrison | Jones |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| Gibbs | Wade | Sanders/Hapgood | |

DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT    (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTED BY | | | SENTENCE RELATION | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | JURY | COURT | PLEA | | | | | | | YEARS / MONTHS |
| 002 | PC | 245(d)(1) | ass. firearm | 97 | 2 | 2 | 98 | x | | | U | | | | | | 8 |
| ~~~ | ~~ | ~~~~~~~ | ~~~~ ~~~~~~~ | ~~ | ~ | ~ | ~~~ | ~ | | | M | x | | | | | (2) |
| 001 | PC | 12020(a) | manf. weapons | 91 | 9 | 30 | 91 | | x | | M | x | | | | | (8) |

ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter the total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 002 | 12022.5 | 17 | | | | | | | | 10 |
| A | ~~~ | ~~12022.5~~ | | | | | | | | | |

ENHANCEMENTS charged and true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) led § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385 Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |

INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |
| | | |

5. OTHER ORDERS  (A) restitution $5006.00 per
PC 1202.4(b)
(B). credit for time served 90 days in the
United Indian Lodge.
Use additional sheets of plain paper if necessary.

TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of terms for enhancements.)

TOTAL TERM IMPOSED  18

EXECUTION OF SENTENCE IMPOSED:
A ☒ B
☐ AT INITIAL SENTENCING    B. ☐ AT RESENTENCING PURSUANT TO    C. ☐ AFTER REVOCATION OF    D. ☐ AT RESENTENCING PURSUANT TO RECALL    E. ☐ OTHER
HEARING                         DECISION ON APPEAL            PROBATION                 OF COMMITMENT (PC § 1170(d))

| DATE OF SENTENCE PRONOUNCED | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS A 440 B 356 | ACTUAL LOCAL TIME A 383 B 178 | LOCAL CONDUCT CREDITS A 57 B 88 | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| -17-98 | | INCLUDING: | | | ☐ DMH   ☐ CDC |

DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☐ FORTHWITH                    INTO THE CUSTODY OF    ☐ CALIF. INSTITUTION FOR    ☐ CALIF. MEDICAL    ☐ CALIF. INSTITUTION    ☐ DEUEL VOC. INST.
                               THE DIRECTOR OF         WOMEN – FRONTERA         FACILITY – VACAVILLE    FOR MEN – CHINO
☐ AFTER 48 HOURS,              CORRECTIONS AT THE
  EXCLUDING SATURDAYS,         RECEPTION-GUIDANCE      ☐ SAN QUENTIN
  SUNDAYS AND HOLIDAYS         CENTER LOCATED AT:
                               ☐ OTHER (SPECIFY):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| Mary B Jones | 12-9-98 |

STATE OF CALIFORNIA  )
COUNTY OF HUMBOLDT  ) SS

Form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Adopted by the Judicial Council of California
Effective April 1, 1992

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

DISTRIBUTION:    PINK COPY – COURT FILE

I HEREBY CERTIFY THIS INSTRUMENT TO
BE A FULL, TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE AND OF RECORD IN
MY OFFICE.

GIVEN UNDER MY HAND AND SEAL
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

THIS  12-10

BY  Mary B Jones
        DEPUTY CLERK

Penal Code § 1213.5

# EXHIBIT B

1  STATEMENTS IN AGGRAVATION AND MITIGATION:

2          Attached for the Court's consideration is a letter from Robert
3  Wade, Deputy District Attorney, regarding the sentencing of defendant.

4          To   date,   the   undersigned   officer   has   not   received
5  correspondence from defense counsel in this matter.

6  DEFENDANT'S ELIGIBILITY FOR PROBATION:

7          Pursuant to Sections 1203(e)(2) and (4) of the California
8  Penal Code, defendant is ineligible for a grant of probation except in
9  an  unusual  case.   Given  defendant's  criminal  background  and  his
10 absconding from law enforcement authorities, the present matter does not
11 appear to be an unusual case and thus defendant is ineligible for a
12 grant of probation.

13 CIRCUMSTANCES IN AGGRAVATION AND MITIGATION:

14         Defendant has engaged in previous violent conduct. (Judicial
15 Council Rule 421(b)(1).) Further, defendant's previous adjudications as
16 a juvenile and convictions as an adult are numerous. (Judicial Counsel
17 Rule 421(b)(2).)  Further, his performance on juvenile probation must be
18 considered unsatisfactory. (Judicial Council Rule 421(b)(5).)

19         There appears to be no circumstances in mitigation in this
20 matter.

21         Attached for the Court's consideration is a form specifying
22 circumstances in aggravation and mitigation.

23 CRITERIA AFFECTING CONCURRENT OR CONSECUTIVE SENTENCES:

24         In that defendant's felonies were committed at the same time,
25 in the same place, and represent a single period of aberrant behavior,
26 it appears appropriate for his imprisonment to be served concurrently.

14

1   While it may be argued defendant's two assaults were separate acts of
2   violence, it appears they were, in fact, part of one single event with
3   the same objective.  Judicial Council Rules 425(a)(1), (2), and (3).
4   SUGGESTED PRISON TERM:

5   | OFFENSE | AGGRAVATED | MITIGATED | RANGE | ENHANCEMENT | TERM |
    |---|---|---|---|---|---|
6/7 | Count II:<br>245(d)(1) PC   Yes | | No | 4-6-8 | 3-4-10 | 18 Years |
8   | Count IV:<br>245(a)(2) PC   Yes | | No | 2-3-4 | 3-4-10 | 14 Years |
9/10| Count V:<br>12021(a)(1) PC Yes | | No | 16-2-3 | None | 3 Years |

11  SUMMARY AND EVALUATION:

12          Appearing before the Court is a twenty-four year old defendant
13  who has been found guilty, by jury verdict, of assault with a firearm on
14  a peace officer, assault with a firearm, and felon in possession of a
15  firearm, all felonies.  Additionally, two enhancements of personally
16  using a firearm in the commission of Counts II and IV have been found
17  true.

18          A review of the current felonies reveals defendant exited a
19  vehicle, which had been pursued by law enforcement officers, armed with
20  a firearm.  He ran from the police and on at least two occasions stopped
21  and fired his weapon at the police officers.

22          In talking with defendant regarding these crimes, he states he
23  did not aim at the police officers, but rather fired "into the air" to
24  scare the officers so he could escape.

25          A review of defendant's criminal record reveals he is an
26  habitual law offender, both as a juvenile and as an adult.  Defendant

15

1 while on probation, as a juvenile, continued to violate the law.
2 Defendant, as an adult, was on probation at the time of the present
3 felonies for possession of an illegal weapon.

4      A review of defendant's past criminal record reveals he is
5 statutorily ineligible, except in an unusual case, for a grant of
6 probation in this matter. There appears to unusual circumstances in
7 this matter. Therefore, defendant should be committed to the California
8 Department of Corrections.

9      Based solely on defendant's conduct indicating he is a serious
10 danger to society, it appears an aggravated term is appropriate. Based
11 on defendant's probation status, his numerous sustained juvenile
12 petitions and adult convictions, it appears the upper term of ten years
13 for his enhancements is also appropriate.

14 RECOMMENDATION:

15      It is respectfully recommended Leland Shannon Muro, also known
16 as Brody Muro, be COMMITTED to the CALIFORNIA DEPARTMENT OF CORRECTIONS
17 for the AGGRAVATED term of EIGHT (8) YEARS for the crime of assault with
18 firearm upon a peace officer, as stated in Count II.

19      Further, defendant shall be committed to the CALIFORNIA
20 DEPARTMENT OF CORRECTIONS for the AGGRAVATED term of FOUR (4) YEARS for
21 the crime of assault with a firearm, as stated in Count IV. Said
22 commitment to be served CONCURRENTLY with the principal term.

23      Further, defendant shall be committed to the CALIFORNIA
24 DEPARTMENT OF CORRECTIONS for the AGGRAVATED term of THREE (3) YEARS for
25 the crime of felon in possession of a firearm, as stated in Count V.
26 Said commitment to be served CONCURRENTLY with the principal term.

1  Further, defendant shall be committed to the CALIFORNIA
2  DEPARTMENT OF CORRECTIONS for a TEN (10) YEAR term of ENHANCEMENT within
3  the meaning of Section 12022.5 of the California Penal Code. Said
4  commitment shall be served CONSECUTIVELY with Count II.

5  Further, defendant shall be committed to the CALIFORNIA
6  DEPARTMENT OF CORRECTIONS for a TEN (10) YEAR term of ENHANCEMENT within
7  the meaning of Section 12022.5 of the California Penal Code. Said
8  commitment shall be served CONSECUTIVELY with Count IV and concurrently
9  with Count II.

10  Defendant shall pay a Restitution Fine of $5,006.00, an amount
11  recommended by the California State Board of Control for assault cases,
12  pursuant to Sections 1202.4(b) and (m) of the California Penal Code,
13  payable to and at the direction of the California Department of
14  Corrections.

15  Defendant shall pay an additional Restitution Fine of
16  $5,006.00, pursuant to Section 1202.45 of the California Penal Code.
17  Said fine shall be suspended unless defendant's parole is revoked.

18  Finally, defendant is to be advised of a period of parole
19  following release from state prison.

20  //
21  //
22  //
23  //
24  //
25  //
26  //

17

E X H I B I T – "C"

# EXHIBIT C

First Appellate District, Division Five, No. A082530
S079558

IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE, Respondent

SUPREME COURT
FILED

v.

JUL 1 4 1999

Robert Wanamar, Clerk

LELAND SHANNON MURO, Appellant

DEPUTY

Appellant's petition for review DENIED.

**GEORGE**

Chief Justice



# EXHIBIT D

**FILED**

JUN 2 5 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| | |
|---|---|
| In the Matter of the Application of | NO:   CV070464 |
| LELAND S. MURO | ORDER  DENYING  PETITION OR TRANSFERRING PETITION |
| Petitioner, | |
| For a Writ of Habeas Corpus | |

The Petition for Writ of Habeas Corpus filed _____June 1, 2007_____, has been read and considered.

X    1. The Writ of Habeas Corpus is denied for the following reason:

_____ The vague, unsupported, and conclusionary allegations contained in the Petition are insufficient to allow for intelligent consideration of the issues which Petitioner had attempted to raise. In re Swain (1949) 34 Cal. 2d 300; In re Patton (1918) 178 Cal. 629.

_____ Petitioner is required to exhaust administrative remedies before seeking relief in the courts. In re Muszalski (1975) 52 Cal.App. 3d 500.

_____ Petitioner has available remedies at law which have not been exhausted.

_____ The facts alleged in support of this Writ have been previously considered and the Writ was denied on _____.

_____ The circumstances described to support the request for issuance of the Writ have changed thereby rendering the Petition moot.

1

2

3

4

5

6

7

8   STATE OF CALIFORNIA,)

9   COUNTY OF HUMBOLDT ) SS.    AFFIDAVIT OF SERVICE BY MAIL

10      I, ____Donna W._____, say:
        That I am a citizen of the United States, over 18 years of age, a resident of the County of

11  Humboldt, State of California, and not a party to the within action; that my business address is
    Humboldt County Courthouse, Eureka, California; that I served a true copy of the attached

12    ORDER DENYING PETITION OR TRANSFERRING PETITION

13    JUDGMENT OF DISMISSAL,
      NOTICE OF ENTRY OF DISMISSAL

14  by placing said copies in the attorney's mail delivery box in the Court Operations Office at Eureka,
    California on the date indicated below, or by placing said copies in envelope(s) addressed to the

15  following parties at their following office (residence) addresses:

16
      Petitioner - Muro, Leland. Inmate #: K-89297

17      Placement Address: CSP-Solano, PO Box 4000, Vacaville, CA 95696

18  Which said envelopes were then sealed and postage fully prepaid thereon, and thereafter were on the

19      25th_____ day of _June_____, 2007, deposited in the United States mail at the City of
    Eureka, California; that there is delivery service by United States mail at the places addressed, or regular

20  communication by United States mail between the place of mailing and the said places so addressed.
        I certify (or declare) under penalty of perjury that the foregoing is true and correct.

21      Executed on the ____25th____ day of __June_____, 2007, at the City of Eureka, County of
    Humboldt, State of California.

22                                                  DWIGHT W. CLARK, Clerk of the Court

23
                                                    By _____

24      (Seal)                                          Deputy Clerk

25

26

27  aff

28

# EXHIBIT E



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION FIVE

In re LELAND S. MURO on Habeas Corpus.



**FILED**

JUL 1 3 2007

COURT OF Appeal - First App. Dist.
**DIANA HERBERT**

By_____
OFFICE/PTY

A118356

Humboldt County No. CR97066BS

BY THE COURT:*

The petition for writ of habeas corpus is denied.  (See *People v. Amons* (2005) 125 Cal.App.4th 855, 868; see also *United States v. Sanchez-Cervantes* (9th Cir. 2002) 282 F.3d 664, 669-671.)

Date___**JUL 13 2007**___    **JONES, P.J.**_____ P.J.

* Before Jones, P.J., Simons, J. and Needham, J.

# EXHIBIT F

S155277

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re LELAND S. MURO on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN 2 3 2008

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

## DECLARATION AND PROOF OF SERVICE BY MAIL

I, __LELAND S. MURO__ , **DECLARE, under penalty of**

**perjury, that I am over the age of 18 years, (   ) and not**

**a party, or ( X ) am a party to this action, and reside in**

**Solano County, at P.O. Box 4000, (Cell # _5/232L_ ) Vacaville,**

**California, 95696-4000.**

That on __February__ , __17__ -, 200_8_ , I deposited in

the United States Mail at California State Prison- Solano,

Vacaville, California, A true copy of the attached hereof:

1) Petition for Writ of Habeas Corpus

_____

_____

_____

**The documents were placed in a sealed envelope with**

**sufficient postage and addressed to :**

```
1) OFFICE OF THE CLERK, U.S. District
   Court, Northern Distict of Califronia
   450 Golden Gate Ave.
   San Francisco, CA 94102

   (Original + Two Copies)
```

I verify that these words are true and will testify

to these words under the penalty of perjury that the foregoing

is true and correct. This declaration was executed on this

__February__ , __17__ , 200_8_ , at CSP-Solano, Vacaville, California,

**95696-4000.**

_X/. Muro_
DECLARANT