UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND S. MURO, | No. C 08-1053 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| D. K. SISTO, | |
| Respondent. | |

Leland S. Muro, a prisoner at California State Prison - Solano, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The lone claim in his petition is that his right to a jury trial was violated when the Humboldt County Superior Court imposed an upper-term sentence on him in 1998. For the reasons discussed below, the petition will be summarily dismissed because the Apprendi line of cases does not apply retroactively.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment's Due

Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488-90 (2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on factual findings made by the sentencing court. See United States v. Booker, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt. Id. at 243-245.

    In Cunningham v. California, 127 S. Ct. 856 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence. Id. at 860, 870-71. The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. Id. at 862. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in Apprendi. Id. at 871. Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize

1 the sentence and judges did not have the discretion to choose the upper term unless it was
2 justified by additional facts. Id. at 868-69.

3      In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas
4 corpus relief to a prisoner based on a constitutional rule of criminal procedure announced
5 after his conviction and sentence became final unless the rule fits within one of two narrow
6 exceptions. Teague v. Lane, 489 U.S. 288, 310-316 (1989). Muro states in his petition that
7 his conviction was affirmed on direct appeal and his petition for review was denied by the
8 California Supreme Court on July 14, 1999. He does not indicate he pursued his appeal any
9 further. His conviction therefore became final in 1999.

10      Apprendi, Blakely, Booker and Cunningham had not yet been decided when Muro's
11 conviction became final in 1999. They therefore apply to Muro's case only if they can be
12 applied retroactively under Teague. Apprendi, Blakely, and Booker have all been held not
13 to apply retroactively under Teague. United States v. Sanchez-Cervantes, 282 F.3d 664, 665
14 (9th Cir. 2002) (Apprendi); United States v. Cruz, 423 F.3d 1119, 1122 (9th Cir. 2005)
15 (Booker); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (Blakely). Cunningham, on
16 the other hand, did not announce a new rule and applies retroactively on collateral review,
17 Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), but only as to cases in which the
18 convictions became final after Blakely was decided because Blakely itself is not retroactive.

19      Here, Muro's conviction became final before any of the Apprendi line of cases was
20 decided. Those cases cannot be applied retroactively to his case under Teague. Muro's right
21 to jury trial claim based on the Apprendi line of cases therefore cannot be considered on
22 collateral review.

23 **CONCLUSION**

24 The petition for writ of habeas corpus is DISMISSED. The clerk shall close the file.
25 IT IS SO ORDERED.
26 DATED: August 5, 2008

                                                Marilyn Hall Patel
27                                                 United States District Judge
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LELAND S.MURO,

        Plaintiff,

  v.

D.K. SISTO et al,

        Defendant.

Case Number: CV08-01053 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leland S. Muro K-89297
California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696

Dated: August 5, 2008

                                  Richard W. Wieking, Clerk
                                  By: Anthony Bowser, Deputy Clerk